**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KIYON WALKER )<br>     *Plaintiff*, )<br> )<br> v. )<br> )<br> BRYANT, *et al.*, )<br>     *Defendants*. ) | CASE NO. 3:26-cv-00217 (KAD)<br><br><br><br>April 7, 2026 |

**ORDER DENYING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Kari A. Dooley, United States District Judge:

Plaintiff Kiyon Walker, an inmate incarcerated within the Connecticut Department of Correction, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  He has also filed a motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915—that is, he would like to commence this suit without prepaying the $405 filing fee.  *See* ECF No. 9.

It is well-settled that the decision to proceed IFP in civil cases is committed to the sound discretion of the district court.  *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-1852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019).  In exercising this discretion, the court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).  The IFP statute contemplates that, in making this determination, courts will examine "a certified copy of the trust fund account statement (or institutional equivalent) for

1

the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Here, Plaintiff asserts that he receives no income from prison employment but that he has received $7,754.00 in gifts or inheritances. *See* ECF No. 9, at 2. Plaintiff's motion reveals that he has $8,361.57 in his inmate trust account. *Id.* at 3, 5; *see also* ECF No. 10, at 1 (inmate trust account statement showing balance of $8,361.57). Plaintiff spends $400 per month on purchases from the commissary. *See* ECF No. 9, at 3. Even assuming that Plaintiff's commissary purchases consist entirely of the "necessities of life," *Adkins*, 335 U.S. at 339, he could spend down the balance of his inmate trust account at a rate of $400 per month for nineteen more months and still have money left over to pay the $405 filing fee.

Because Plaintiff currently has sufficient funds in his inmate trust account to pay the filing fee—and will in future months—he is not entitled to proceed IFP. *See Clark v. Pappoosha*, No. 3:21-CV-1690 (CSH), 2022 WL 960296, at *2 (D. Conn. Mar. 30, 2022) (denying motion for leave to proceed IFP where plaintiff had sufficient funds in his inmate trust account to pay the filing fee on the date he filed the action). Accordingly, Plaintiff's **motion for leave to proceed IFP (ECF No. 9)** is **DENIED**.

All further proceedings in this matter shall be held in abeyance for thirty (30) days pending Plaintiff's delivery of the filing fee in the amount of $405 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

Failure to tender the filing fee by **May 7, 2026**, will result in the dismissal of this action without prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of April, 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE