UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIYON WALKER,<br>*Plaintiff*,<br><br>v.<br><br>BRYANT, et al.,<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>: | <br><br>CASE NO. 3:26-cv-217 (KAD)<br><br><br>October 13, 2026 |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

Plaintiff Kiyon Walker, a pretrial detainee housed in the Connecticut Department of Correction ("DOC"),[1] commenced this civil rights action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. In its Initial Review Order, the Court dismissed Plaintiff's Complaint without prejudice but permitted Plaintiff to file an Amended Complaint if he believed he could allege facts to cure the deficiencies identified in the Court's Initial Review Order. IRO, ECF No. 12, at 12. Plaintiff has now filed an Amended Complaint against four DOC officials, seeking damages[2,3] for violations of his rights under the Fifth and Fourteenth Amendments to the United

[1] According to the Connecticut Judicial Branch website, Plaintiff is presently an unsentenced pretrial detainee having been arrested and held on bond since 2024. https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=1650a0c7-9d24-44f7-9a37-fc19de6936bc.

[2] To the extent Plaintiff asserts official capacity claims for monetary damages against Defendants (all state employees), such claims are dismissed as barred by the Eleventh Amendment. *See*, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, the Court considers only whether Plaintiff has sufficiently alleged claims for damages against any defendant in his or her individual capacity.

[3] Plaintiff also maintains that he seeks injunctive relief, Am. Compl., ECF No. 15 ¶ 2, but his prayer for relief contains no request for specific injunctive relief. *See id.* at 4. Further, though he asserts that he seeks declaratory relief, *id*, a verdict in his favor would necessarily reflect a finding that the defendants violated his constitutional rights, rendering a separate award of declaratory relief unnecessary. *See Delgado v. Ocasio*, No. 3:19-CV-1116(MPS), 2019 WL 4038754, at *4 (D. Conn. Aug. 27, 2019). At any rate, any request for injunctive or declaratory relief would be moot because Plaintiff transferred from Cheshire Correctional Institution, where the events took place, *see* Compl. at 7, to MacDougall-Walker Correctional Institution, *see* Am. Compl. ¶ 3. *See also McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020) (noting that "[a]n inmate's transfer from a prison facility moots his claims for declaratory or injunctive relief against officials of the transferring facility."). Accordingly, the Court construes the Amended Complaint as seeking damages only.

States Constitution. Am. Compl., ECF No. 15.

For the reasons that follow, Plaintiff may pursue damages from Defendant Bryant in her individual capacity on a First Amendment retaliation claim and on a Fourteenth Amendment harassment claim. All other claims are **DISMISSED**, and all other defendants are terminated.

**Standard of Review**

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). In doing so, the Court must assume the truth of the allegations and interpret the complaint liberally to "to raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court's review of an amended complaint differs in some respects than its review of an original complaint. Because the purpose of an amended complaint is "to clarify or amplify the original cause of action, not add new causes of action," *Castellano v. Trump*, No. 3:17-CV-381 (MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017), the Court's review of Plaintiff's Amended Complaint is limited to whether Plaintiff has pled additional facts therein that would

support previously dismissed claims. *See Jordan v. Quiros*, No. 3:23-CV-254 (VAB), 2024 WL 3219130, at *4 (D. Conn. June 28, 2024) (refusing to consider plaintiff's "new theories of liability or new claims" in second amended complaint because it would defy purpose of amended complaint). Accordingly, the Court will not review any new claims in this initial review order.

**Allegations**

"[A]n amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 225 (2d Cir. 2025) (internal quotation marks and citation omitted). Thus, the Court will not consider any allegations from Plaintiff's original Complaint in considering the factual basis for the claims he asserts in his Amended Complaint. *See*, *e.g.*, *Dinh v. Doe*, No. 3:24-cv-1042 (OAW), 2024 WL 3343006, at *3 (D. Conn. July 9, 2024) (noting that "the court will not consider any allegations made in the original complaint while evaluating any amended complaint.").

The Court does not set forth all of the facts alleged in the Amended Complaint. Instead, the Court summarizes Plaintiff's factual allegations to give context to its rulings below.

On July 5, 2025, Plaintiff left his cell to take a shower. Am. Compl. ¶ 9. The showers were full, so Plaintiff made a phone call. *Id.* While Plaintiff was on the phone, Defendant Bryant approached Plaintiff and told him that he had "doo-rag" on his head. *Id.* ¶ 10 (internal quotation marks omitted). Plaintiff "immediately" removed the doo-rag. *Id.* After Plaintiff finished his phone call, he approached Defendant Bryant to apologize to her and "defuse the situation" because Plaintiff "had submitted a Level One(1) Inmate Grievance against [ ] [D]efendant Bryant just about a week prior to this incident and did not want to give [D]efendant Bryant any grounds or reasons to retaliate against him." *Id.* ¶ 12. Defendant Bryant screamed obscenities at Plaintiff, telling him to get away

from her "bubble," that she "finally got [Plaintiff's] ass," and that Plaintiff was "going to segregation." *Id.* ¶ 13. After Plaintiff told Defendant Bryant that he "didn't do anything," Defendant Bryant called Plaintiff a "rat" and told Plaintiff that she "kn[e]w what [Plaintiff] did to [her] by writing [her] up." *Id.* ¶ 14 (internal quotation marks omitted).

Defendant Bryant then made a "false call" over the prison's radio system. *Id.* ¶ 16. Officers entered the unit in response to the call. *Id.* The officers "surrounded [Plaintiff] and aggressively placed him in restraints that left cuts and bruising on his wrist." *Id.* The officers placed Plaintiff in segregation for "Disobeying a Direct Order," despite DOC policy prohibiting such a placement for this offense. *Id.* (internal quotation marks omitted). After officers placed Plaintiff in segregation, they told him that he was placed there for a more serious offense. *Id.* ¶ 17.

Defendant Ciesco, who was the supervisor responsible for placing Plaintiff in segregation, told Plaintiff that he was going to talk to Defendant Bryant "to find out what happened." *Id.* ¶ 18. Defendant Ciesco reviewed the disciplinary report, as required by DOC policy, but "allowed a false report to be submitted fully knowing that it[ ] [was] against CDOC polices, rules[,] and regulations." *Id.* ¶ 19 (emphasis omitted). Two or three days later, Defendant Eliades summoned Plaintiff to his office. *Id.* ¶ 20. There, Defendant Eliades told Plaintiff that "he watched the video," that Plaintiff "was telling the truth," and that Plaintiff "didn't do anything wrong." *Id.*

**Discussion**

Liberally construed, the Amended Complaint asserts (1) a Fourteenth Amendment[4]

[4] Plaintiff purports to bring this claim under the Fifth and Fourteenth Amendments, Am. Compl. at 1, but "[t]he Fifth Amendment Due Process Clause . . . applies only to federal, not state, inmates." *Radice v. Doe*, No. 3:24-CV-531 (VAB), 2024 WL 3429345, at *2 (D. Conn. July 14, 2024). Accordingly, the Court has analyzed this claim under the Fourteenth Amendment only.

substantive due process claim[5] related to Defendant Bryant issuing Plaintiff a false disciplinary report in retaliation for filing a grievance against her; (2) a Fourteenth Amendment procedural due process claim against the other Defendants for failing to investigate or correct Defendant Bryant's false allegations; and (3) a Fourteenth Amendment harassment claim related to Defendant Bryant's statements to Plaintiff and her call for emergency assistance. The Court considers each claim in turn.

*Retaliation*

An "inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). There are, however, "two exceptions to this rule: when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right," including rights protected by the First Amendment. *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (internal quotation marks and citations omitted); *see*, *e.g.*, *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) ("An allegation that a prison official filed false disciplinary charges in retaliation for the exercise of a constitutionally protected right, such as the filing of a grievance, states a claim under § 1983.").

The Court originally analyzed this claim under the first *Willey* exception because Plaintiff did not allege any facts suggesting that Defendant Bryant issued a false disciplinary ticket to Plaintiff in retaliation for him exercising a constitutional right, such as filing a grievance. *See* IRO at 5. Now

[5] Although the Court construed the original Complaint to assert only procedural, rather than substantive, due process claims, *see* IRO at 4, both may be asserted under the Fourteenth Amendment pursuant to Section 1983. The Court thus construes the Amended Complaint as Plaintiff's clarification as to the intended scope of his Fourteenth Amendment claims, and not as an improper newly asserted cause of action.

Plaintiff has alleged additional facts suggesting that Defendant Bryant issued the false disciplinary ticket to Plaintiff after he had submitted a grievance against Bryant "just about a week prior to this incident." Am. Compl. ¶ 12. In his Amended Complaint, Plaintiff has also omitted allegations from his original Complaint related to the disciplinary process. *Compare* Compl. ¶¶ 20–23, *with* Am. Compl. ¶¶ 9–21. Thus, the Court now analyzes this claim under the second *Willey* exception, rather than the first.

The Second Circuit has held that "a prisoner has a substantive due process right not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right such as petitioning the government for redress of his grievances, and that this right is distinct from the procedural due process claim at issue in *Freeman.*" *Jones v. Coughlin*, 45 F.3d 677, 679–80 (2d Cir. 1995) (citing *Franco v. Kelly,* 854 F.2d 584, 589 (2d Cir. 1988)). But the Supreme Court has "narrowed the scope of substantive Due Process to claims that are not covered by other provisions of the Constitution." *Hu v. City of New York*, 927 F.3d 81, 103 (2d Cir. 2019) (collecting cases). Thus, "[i]t is now well established that, [w]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process." *Id.* (internal quotation marks and citation omitted, second alteration in original).

The First Amendment explicitly protects an individual's right "to petition the Government for a redress of grievances." U.S. Const. amend. I. This protection includes "a prisoner's right to be free from retaliation for exercising his right to petition for redress of grievances," *Marino v. Schult*, 764 F. App'x 73, 75 (2d Cir. 2019) (summary order) (citing *Espinal v. Goord*, 558 F.3d 119, 128–29 (2d Cir. 2009)), and subsequently the right to be free from false disciplinary charges issued

in retaliation for filing grievances, *see Jordan v. Martin*, No. 3:24-CV-251 (VAB), 2024 WL 3226334, at *7 (D. Conn. June 28, 2024) ("Retaliating against inmates for filing grievances by filing false disciplinary reports violates the First Amendment." (internal quotation marks and citation omitted)). Thus, because the First Amendment "provides an explicit textual source of constitutional protection," *Hu*, 927 F.3d at 103, to be free from retaliation for filing grievances, *Marino*, 764 F. App'x at 75, Plaintiff's claim must be analyzed under the First Amendment, not the Fourteenth Amendment.

Plaintiff's original Complaint alleged that he pled guilty to the false disciplinary ticket, Compl. ¶ 23, and no allegations in the Complaint suggested that Plaintiff's guilty plea was involuntarily, so the Court previously dismissed Plaintiff's retaliation claim against Defendant Bryant on the basis that Plaintiff had waived his First Amendment right. *See* IRO at 8–9; see also *Reid v. Doe*, No. 95-CV-1144 (RSP), 1997 WL 216226, at *5 (N.D.N.Y. Apr. 15, 1997) (where inmate plaintiff pled guilty to harassment charge in misbehavior report, there was no constitutional violation arising out of the issuance of the report).

However, Plaintiff did not allege in his Amended Complaint that he pled guilty to the allegedly false disciplinary charge. "An allegation made only in a pleading that has been withdrawn or superseded is not a judicial admission," even though the allegation "would, if offered against the pleader, qualify as a party admission within the meaning of Rule 801(d)(2) of the Federal Rules of Evidence." *Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218, 250 (2d Cir. 2024). Thus, because "an amended complaint ordinarily supersedes the original, and renders it of no legal effect," *Neurological Surgery*, 145 F.4th at 225 (internal quotation marks and citation omitted), the Court does not consider Plaintiff's allegations regarding his guilty plea contained in the original Complaint,

*see Vasquez v. Reilly*, No. 15-CV-9528 (KMK), 2017 WL 946306, at *4 (S.D.N.Y. Mar. 9, 2017) (noting that "the mere fact that a plaintiff has chosen to omit, for strategic reasons, a fact alleged in an earlier pleading does not entitle the Court to consider that fact once it has accepted the amended pleading for filing"), even though these facts may well foreclose Plaintiff's First Amendment retaliation claim at a later stage of the case. *See Reid*, 1997 WL 216226, at *5. Thus, the Court considers whether the Amended Complaint adequately states a First Amendment retaliation claim, notwithstanding Plaintiff's original assertion that he pled guilty to the false disciplinary ticket.

To state a First Amendment retaliation claim, a prisoner must plausibly allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (internal quotation marks and citation omitted). "[T]he filing of a lawsuit or a grievance is protected conduct." *Walker v. Senecal*, 130 F.4th 291, 298 (2d Cir. 2025). "An adverse action is defined as 'retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.'" *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)).

"To sufficiently allege a causal connection, [Plaintiff's] allegations must support an inference that the protected conduct was 'a substantial or motivating factor for the adverse actions taken by prison officials.'" *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (summary order) (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)). An inmate may establish that causal connection by "showing that protected activity was close in time to the adverse action." *Espinal*, 558 F.3d at 129. And a court may also consider other factors like "the prisoner's prior good disciplinary record,"

"a finding of not guilty at the disciplinary hearing," and "statements by the officials showing motivation." *Ramos v. Semple*, No. 3:18-CV-1459 (VAB), 2019 WL 2422875, at *2 (D. Conn. June 10, 2019).

Here, Plaintiff's grievance and the subsequently issued false disciplinary report satisfy the first and second elements. *See Walker*, 130 F.4th at 298; *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004) (the filing of false disciplinary reports resulting in disciplinary sanctions is an "adverse action"). Further, the temporal proximity between the grievance and the false report, especially when combined with Defendant Bryant's statements to Plaintiff that she "finally got" him, that Plaintiff was "going to segregation," that Plaintiff was a "rat," and that Defendant Bryant "kn[e]w what [Plaintiff] did to [her] by writing [her] up," Am. Compl. ¶¶ 13, 14 — statement's which show her motivation, *see Ramos*, 2019 WL 2422875, at *2 — are sufficient to plausibly allege the causal connection between his protected activity and Bryant's subsequent conduct. Because Plaintiff has pled sufficient facts to satisfy all three elements, Plaintiff may pursue damages from Defendant Bryant in her individual capacity on a First Amendment retaliation claim.

*Failure to Investigate or Correct*

In its Initial Review Order, the Court dismissed the Fourteenth Amendment due process claim against Defendants Ciesco and Sonido because an inmate has no constitutional right to an investigation. IRO at 10. Plaintiff has alleged no additional facts suggesting that he had a constitutional right to an investigation, nor could he allege such facts. *See Yaseen v. Bristol Polce Dep't*, No. 3:23-CV-1042 (OAW), 2024 WL 4349053, at *4 (D. Conn. Sept. 30, 2024) (noting "it is well established that there is no constitutional right to an investigation by government officials" (cleaned up)).

The Court also previously dismissed the due process claim against Defendants Eliades and Distasi because their alleged failure to follow DOC Administrative Directives did not provide a basis for a constitutional claim. IRO at 10. Plaintiff alleged no additional facts suggesting that these defendants' failure to follow the Administrative Directives amounted to a constitutional violation, nor could he allege such facts. *See Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (noting that a "defendants' failure to comply with prison regulations or other administrative directives . . . does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983."). Accordingly, the claims against Defendants Ciesco, Sonido, Eliades, and Distasti are again dismissed.

*Harassment*

Liberally construed, the Amended Complaint alleges that Defendant Bryant's conduct — both the statements she made to Plaintiff and her call for emergency assistance on the radio — amounted to unconstitutional harassment. Insofar as Plaintiff is a pretrial detainee and this purported claim concerns Plaintiff's prison conditions, the Court has analyzed this claim under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment.").

Previously, the Court dismissed Plaintiff's Fourteenth Amendment harassment claim because Plaintiff did not allege in his Complaint that Defendant Bryant's harassing verbal conduct resulted in any injury to him. IRO at 11–12; *see Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) (summary order) ("[V]erbal harassment, standing alone, does not amount to a constitutional

deprivation."). But Plaintiff now alleges in his Amended Complaint that officers "aggressively placed him in restraints that left cuts and bruising on his wrist" after these officers responded to Defendant Bryant's "false call" over the radio. Am. Compl. ¶ 16. Because Plaintiff has now alleged an injury resulting from Defendant Bryant's harassing conduct, Plaintiff may also pursue damages from Defendant Bryant in her individual capacity on his Fourteenth Amendment harassment claim.

**Orders**

Plaintiff's First Amendment retaliation claim and Fourteenth Amendment harassment claim may proceed to service against Defendant Bryant. All other claims are DISMISSED, and the Clerk is respectfully directed to TERMINATE all other defendants.

The Court enters the following additional orders.

(1) The Clerk shall verify the current work address of Cheshire Correctional Institution correctional officer Bryant with the DOC Legal Affairs Unit. The Clerk of Court shall mail a copy of the Amended Complaint, this order, and a waiver of service of process request packet to Defendant Bryant at her confirmed addresses by November 3, 2026. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of each request. If Defendant Bryant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service and Defendant Bryant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The Clerk shall send a courtesy copy of the Amended Complaint and this order to the Connecticut Attorney General and the DOC Legal Affairs Unit.

(3) Defendant Bryant shall file a response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver of service forms is mailed to her.

If Defendant Bryant chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. Defendant Bryant also may include all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **May 13, 2027**. Discovery requests and responses shall not be filed with the court.

(5) All motions for summary judgment shall be filed on or before **June 13, 2027**.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. **Failure to do so can result in the dismissal of the case**. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.

**SO ORDERED** this 13th day of October, 2026, at Bridgeport, Connecticut.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE